**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**
**MILWAUKEE DIVISION**

| | |
|---|---|
| Jarret Pess<br>3204 N. 12th St.<br>Sheboygan, WI 53083<br><br>    Plaintiff,<br><br>v.<br><br>United Collection Bureau, Inc<br>c/o CT Corporation System, Registered Agent<br>8040 Excelsior Drive, Suit 200<br>Madison, WI 53717<br><br>    Defendant. | Case No.<br><br>Judge:<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, INVASION OF PRIVACY AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper in this district because this is the judicial district where all of the events giving rise to the cause of action took place.

## FACTS COMMON TO ALL COUNTS

2. The Plaintiff is a person who incurred a consumer debt primarily for personal, family or household purposes.

3. Defendant is a corporation doing business primarily as a consumer debt collector.

4. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

5. The Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. The debt in question qualifies as a "debt" as defined by 15 U.S.C. §1692a(5).

7. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

8. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

9. In or around April 2008, Defendant telephoned Plaintiff's ex-wife Kathy Press ("Kathy").

10. During this communication, Defendant disclosed the existence and nature of Plaintiff's debt.

11. During this communication, Defendant told Kathy that Defendant was suing Plaintiff and needed to contact Plaintiff.

12. On the same date as the communication referenced above, Kathy telephoned Plaintiff and notified Plaintiff of the conversation in which Kathy engaged with Defendant.

13. After the conversation with Kathy, Plaintiff telephoned Defendant.

14. During this communication, Defendant shouted at Plaintiff to "Pay your [expletive] bills!"

15. During this communication, Defendant said that Plaintiff was a"[explicative] loser"

16. Defendant damaged Plaintiff emotionally and mentally and caused Plaintiff substantial anxiety and stress.

17. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

18. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

19. The Defendant violated 15 U.S.C. §1692d in that defendant used obscene and/or abusive language during its communications in furtherance of debt collection.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

20. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

21. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party and disclosed the existence, nature and/or amount of the debt.

## COUNT THREE

**Violation of the Fair Debt Collection Practices Act**

22. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

23. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party and failed to comply with 15 U.S.C. §1692b.

## COUNT FOUR

**Violation of the Fair Debt Collection Practices Act**

24. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

25. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect a debt.

## COUNT FIVE

**Violation of the Fair Debt Collection Practices Act**

26. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

27. The Defendant violated 15 U.S.C. §1692e, generally, by having non-attorneys overtly state that they could control the decision to litigate and the timing and scope of the litigation, when in fact this would be an attorney decision.

## COUNT SIX

**Violation of the Fair Debt Collection Practices Act**

28. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

29. The Defendant violated 15 U.S.C. §1692e in that it threatened legal action where such action was not contemplated, and stated for the sole purpose of terrifying the Plaintiff.

## COUNT SEVEN

**Violation of the Fair Debt Collection Practices Act**

30. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

31. The Defendant violated 15 U.S.C. §1692e by making misrepresentations during its conversations with Plaintiff.

## COUNT EIGHT

### Invasion of Privacy by Public Disclosure of a Private Fact

32. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

33. Defendant released information which was private to the Plaintiff and concerned Plaintiff's private life to Plaintiff's ex-wife.

34. The disclosure of Plaintiff's debt and the threat of legal action to this party is highly offensive.

35. The information disclosed is not of legitimate concern to the public.

## COUNT NINE

### Invasion of Privacy by Intrusion upon Seclusion

36. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

37. Defendant intentionally interfered, physically or otherwise, with the solitude, seclusion, and or private concerns or affairs of the Plaintiff.

38. Defendant intentionally caused harm to the Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting a debt, as described herein.

39. Plaintiff has a reasonable expectation of privacy in Plaintiff's solitude, seclusion, and or private concerns or affairs.

40. The intrusion by Defendant occurred in a way that would be highly offensive to a reasonable person in that position.

41. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

## JURY DEMAND

42. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

43. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. Judgment, in an amount to be determined at trial, against Defendant for the Invasion of Privacy by Intrusion upon Seclusion.

   c. Judgment, in an amount to be determined at trial, against Defendant for the Public Disclosure of a Private Fact.

   d. For such other legal and/or equitable relief as the Court deems appropriate.

>RESPECTFULLY SUBMITTED,
>
>LEGAL HELPERS, P.C.
>
>By: _/s/ Jeffrey S. Hyslip_____
>Jeffrey S. Hyslip
>Richard J. Meier
>Sears Tower
>233 South Wacker Drive
>Suite 5150
>Chicago, IL 60606
>Tel: 1.866.339.1156
>Fax: 1.312.822.1064
>jsh@legalhelpers.com
>rjm@legalhelpers.com
>*Attorneys for Plaintiff*